UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **EVEXIA PLUS, LLC,** *et al.*, | **CASE NO. 5:22-CV-54-KKC-MAS** |
| **Plaintiff,** | |
| v. | **OPINION AND ORDER** |
| **DYLAN COCKETT,** *et al.*, | |
| **Defendants.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on a motion for summary judgment (DE 41) filed by defendant Elemental Processing, LLC ("Elemental"). In response, plaintiffs Evexia Plus, LLC and Owners Insurance Company as well as defendants Dylan Cockett and Cockett Industries, Corp. (collectively, "Non-Movants") request that the ruling on summary judgment be deferred to allow for additional discovery. Because additional discovery is necessary, the Court will deny Elemental's motion as premature.

I. **Background**

This consolidated action involves the respective claims brought by Evexia and Owners Insurance for damages resulting from a warehouse fire at 2120 Capstone Drive, Suite 150, Lexington, Kentucky 40511 (the "Warehouse") on February 6, 2021. (DE 41 at 1.) The Warehouse was leased to Elemental by Capstone Group 2100, LLC ("Capstone") and housed various assets of Elemental, such as manufacturing equipment and machinery used in the hemp industry. (*Id.* at 2.) Evexia had contracted to purchase these assets, which were ultimately damaged as a result of the fire, while Owners Insurance insured the Warehouse through a casualty loss policy. (*Id.*)

Evexia had hired Cockett Industries, owned by Dylan Cockett, to assist with the

removal of the Elemental assets from the Warehouse. (DE 52 at 3.) The fire in question occurred during Cockett's disassembly and removal of the assets, which damaged the Warehouse itself and portions of the stored assets. (*Id.*) According to the official findings of the local Department of Public Safety Division of Fire and Emergency Services, the fire was caused by "sparks emitting from a grinder that came into contact with a pool of unknown chemical liquid and the floor." (DE 52-2 at 4.)

Subsequently, Evexia filed suit in Fayette County Circuit Court against Elemental, Cockett, and Cockett Industries to recover losses from the damage to the Elemental assets. (DE 41 at 2.) Evexia's complaint includes separate claims for negligence against the defendants and one claim for joint negligence, gross and *per se*, against all three defendants. (*Id.*) This suit has since been removed to this Court. (DE 1.)

Separately, Owners Insurance filed suit in Fayette County Circuit Court against those same defendants and Evexia, Transamerican Equipment Company, LLC ("Transamerican"), and Amerra Capital Management, LLC ("Amerra") to recovery the $1,204,175.42 it paid to indemnify its insured for the loss to the Warehouse. (DE 52 at 1.) Its complaint includes a claim for negligence against all defendants; a claim for breach of warranty against all defendants; a claim for negligent hiring/retention against Evexia, Transamerica, and Amerra; and a claim for punitive damages against all defendants. (*Id.* at 4.) Amerra was later dismissed voluntarily. (*Id.*)

Evexia then removed Owners Insurance's suit to this Court. (*Id.*) Elemental moved that the Evexia and Owners Insurance cases be consolidated. (*Id.*) This request was granted and the Court reassigned Owners Insurance's action to the instant matter on September 29, 2023. (*Id.*)

Less than a month after Owners Insurance was added to this action, Elemental

moved for summary judgment on all claims pending against it. It argues that: (1) the negligence claims fail because any duty of care was extinguished by its receivership's possession and control of the Warehouse and the stored assets; (2) Owners Insurance's breach of warranty claim fails because Owners Insurance cannot establish the requisite privity of contract necessary to bring a claim for breach of warranty; (3) Owners Insurance's punitive damages claim fails because Owners Insurance cannot establish the requisite intent towards Capstone; and (4) Evexia's crossclaims for indemnity and apportionment are moot because Elemental is entitled to summary judgment on the rest of the claims brought against it. (DE 41 at 14-24.)

Non-Movants argue that Elemental's motion for summary judgment is premature because, at the time of its filing, "no discovery has been had between the new parties, nor reflecting the claims presented by Owners." (DE 53 at 2.) Further, Owners Insurance argues that it was "given no opportunity to take discovery" before Elemental filed its motion for summary judgment. (DE 52 at 8.) Both Cockett defendants argue that "the parties have not had adequate opportunity to conduct fact discovery fully establishing the extent to which Elemental bears liability for the Capstone Warehouse fire." (DE 51 at 15.) Accordingly, Non-Movants ask the Court to deny or defer ruling on Elemental's motion for summary judgment pending the close of discovery.

II.     Analysis

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quotation marks omitted). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 322–25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Once the burden of production has shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

In considering a motion for summary judgment, the court must view the facts and draw all inferences therefrom in a light most favorable to the nonmoving party. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The moving party must show conclusively that there is no genuine issue of material fact. *Id*. However, at the summary

judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter. *Wiley v. U.S.*, 20 F.3d 222, 226 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249). The Court is not to judge the evidence or make findings of fact. *60 Ivy Street Corp.*, 822 F.2d at 1435–36. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F.Supp.2d 928, 930 (S.D. Ohio July 12, 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

Yet "[t]he general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery." *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996) (citation omitted). Rule 56(d) allows the non-movant to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," after which the court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." So if a non-movant believes that it needs more time for discovery before it can respond to a motion for summary judgment, "the non-movant must file an affidavit pursuant to [Fed. R. Civ. P. 56(d)] that details the discovery needed, or file a motion for additional discovery." *Abercrombie & Fitch Stores, Inc.*, 280 F.3d at 627. "Beyond the procedural requirement of filing an affidavit, [Rule 56(d)] has been interpreted as requiring that a party making such a filing indicates to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000).

5

Here, Non-Movants argue that summary judgment would be premature because, at the time of its filing, they had not had an adequate opportunity to conduct fact discovery. Non-Movants point to extensive pretrial motion practice, such as the motions to remand (DE 6, 5:23-CV-122); to disqualify (DE 10, 5:23-CV-122); and to consolidate (DE 4, 5:23-CV-122), to highlight the lack of time to conduct discovery in this matter. Further, Elemental filed its motion for summary judgment before the close of the then-discovery period. Non-Movants also direct the Court to the consolidation of the two cases, discovery issues heard by the Magistrate Judge, and delayed inspections of the damaged equipment to explain why discovery has not been possible as of the filing of the summary judgment motion. As a result of these circumstances, Non-Movants moved for another amendment to the scheduling order because the previous order did not contemplate the addition of Owners Insurance to the instant matter. (DE 53 at 3.)

Non-Movants argue that additional discovery is necessary to properly respond to the motion for summary judgment. Owners Insurance argue that it has not had the opportunity to conduct *any* discovery at the time of Elemental's filing due to Elemental's refusal to cooperate. (DE 52 at 8.) Further, the Cockett defendants seek testimony from "Elemental's owner, Tony Struyk; LS Associates, LLC's principal, David Roll; Elemental's court-appointed receiver, Jim Frazier; and LFD Fire Investigator, Shawna Hannan." (DE 51 at 10.) They argue that testimony from these individuals will bear "significant implications" on Elemental's liability. (*Id.*) In the collective, the Court finds that Non-Movants have shown that additional discovery is necessary before ruling on summary judgment.

Elemental further argues that the Court should not find its motion premature under Rule 56(d) because the parties did not follow rigid requirements of filing declarations or affidavits in support of their request. However, the Sixth Circuit has recognized that Rule

6

56(d) is satisfied if a party makes a filing that "indicate[s] to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Zakora v. Chrisman*, 44 F.4th 452, 479 (6th Cir. 2022). Accordingly, Non-Movants are not bound by the technicalities that Elemental invokes and have sufficiently indicated to the Court their need for additional discovery.

It would be an abuse of discretion to consider summary judgment without allowing the parties the opportunity to conduct discovery and respond appropriately. The Court finds that the parties have sufficiently shown by specific reasons the need for discovery, what material facts they hope to discover, and the reason why these facts were not previously discovered. The complicated procedural history of this action as well as Owners Insurance's consolidation supports Non-Movant's request for additional discovery. However, since the Court effectively granted Non-Movant's request through its May 6, 2024 Order, the Court finds it appropriate to have the parties rebrief the motion for summary judgment now that the period for fact discovery is over.

### III. Conclusion

For the aforementioned reasons, the Court hereby ORDERS that Elemental's motion for summary judgment (DE 41) is DENIED AS PREMATURE and Evexia's motion for extension of time to complete discovery is DENIED AS MOOT. Elemental may refile its dispositive motions pursuant to the amended scheduling order. (DE 63.)

This 23rd day of July, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY